# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA A. LIPPOLD,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br><br>FATHER & SON MOVING & STORAGE and DOES 1-10,<br><br>　　　　　　　　　Defendants. | CASE NO. 08cv0719 BTM(RBB)<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED** |

On April 21, 2008, Defendant removed this action from the Superior Court of California, County of San Diego. Defendant contends that the Court has removal jurisdiction because Plaintiff's state claims are completely preempted by the Carmack Amendment, 49 U.S.C. § 14706.

The Ninth Circuit has held that the Carmack Amendment completely preempts state law claims under an interstate shipping contract alleging delay, loss, failure to deliver or damage to property. Hall v. North American Van Lines, Inc., 476 F.3d 683, 687-88 (9th Cir. 2007). "It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property." Id. at 688.

In this case, however, it appears that the Carmack Amendment is inapplicable because Plaintiff did not hire Defendant to transport her property in interstate commerce. Based upon the Complaint and the attached exhibit, the contract was an agreement to

transport Plaintiff's property from Plaintiff's home in Rancho Bernardo to Defendant's storage facility in San Diego and to store the property in that storage facility. Nothing in the Complaint or the agreement indicates that the contract was part of an interstate bill of lading that is subject to the Carmack Amendment. See Insurance C. of North America v. NNR Aircargo Service (USA), Inc., 201 F.3d 1111, 1115 (9th Cir. 2000) (holding that Carmack Amendment did not apply because the defendant was not hired to transport golf balls in interstate commerce).

Therefore, the Court **ORDERS** Defendant to **SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED**. The parties may file papers in response to this OSC on or before May 12, 2008. The matter will be set for hearing on **May 23, 2008 at 11:00 a.m.** Unless otherwise directed by the Court, there shall be no oral argument and no personal appearances are required.

**IT IS SO ORDERED.**

DATED: April 28, 2008

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge