# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA A. LIPPOLD,<br><br>                    Plaintiff,<br>    v.<br><br>FATHER & SON MOVING & STORAGE and DOES 1-10,<br><br>                    Defendants. | CASE NO. 08cv0719 BTM(RBB)<br><br>**ORDER REMANDING CASE** |

In an order filed on April 28, 2008, the Court ordered Defendant to show cause why this case should not be remanded for lack of subject matter jurisdiction. The Court explained that although the Carmack Amendment completely preempts state law claims under an interstate shipping contract alleging delay, loss, failure to deliver or damage to property, it did not appear from the Complaint that Plaintiff's claims arose from an interstate bill of lading.

In its response to the OSC, Defendant explains that in August 2006, Plaintiff requested that her stored property be transported to her new home in Rio Rico, Arizona. Defendant, as agent for National Van Lines, arranged for National Van Lines to retrieve Plaintiff's goods from storage in Van Nuys and transport them to Arizona. Thus, Defendant argues, Plaintiff's claims are wholly preempted by the Carmack Amendment.

However, as pointed out by Plaintiff, Plaintiff does not claim that her goods were damaged during transportation to Arizona. Plaintiff claims that her goods were damaged

under the contract for storage that the parties entered in 1993. It appears that this contract was completely separate from the subsequent agreement to transport the goods in interstate commerce. The cases cited by Defendant, Glass v. Crimmins Transfer Co., 299 F. Supp. 2d 878 (C.D. Ill. 2004) and York v. Day Transfer Co., 525 F. Supp. 2d 289 (D.R.I. 2007) are distinguishable. In those cases, the storage of goods was incidental to the interstate transportation of the goods. See also Harris v. Crown Moving, 2007 WL 1724299 (E.D. Wash. 2007) ("[C]ourts who have dealt with losses sustained during origin storage, as is the case here, have held that losses sustained during that storage are merely incidental to the transportation of goods and are covered by the Carmack Amendment.") According to Defendant, Plaintiff did not ask for her goods to be delivered to Arizona until 2006. Therefore, the storage of her goods was not under an interstate bill of lading.

Based on the record before the Court, the Carmack Amendment does not preempt Plaintiff's state law claims. Therefore, the Court does not have removal jurisdiction over the case and **REMANDS** the case to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

DATED: May 30, 2008

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge